By the Court.—Curtis, J.
The chattel mortgage in question was given to the plaintiff to secure sundry loans and liabilities. The transactions in reference to these occurred at Providence, Rhode Island, where the plaintiff then and ever since has resided. The chattel mortgage was dated and executed there.
It is claimed that the obligations which the chattel mortgage was given to secure were usurious, and the mortgage consequently void, and that they are governed by the laws of the state of New York.
The statute of Rhode Island directs that interes shall be computed at six per cent., unless a different rate is expressly stipulated. In the transactions secured by the mortgage, where any rate other than six per cent, *345 was charged, such rate was so charged by express agreement between the parties. The taking of a greater rate of interest than six per cent, in Rhode Island does not vitiate contracts, nor is it punishable as an offense. This fruitful source of litigation is closed, and even the courts, disregarding all theories of its heinousness, appear impressed with the material idea, that thus inviting an influx of capital promotes the public welfare. In a state where such laws and views prevail, it is evident that the plaintiff can not be deprived of debts justly due Mm, or of realizing upon the securities he may have taken as collateral to them, because he has charged, and the borrower has agreed to pay, the current rates of interest (Pierce v. Hennessy, 10 R. I. 223).
But it is urged that the laws of the state of New York govern. Obligations incurred, dated and to be fulfilled in Rhode Island, can not beheld usurious and void under the statutes of New York because they are secured by a chattel mortgage executed also in Rhode Island upon chattels that are in New York. The principle recognized in the comity that prevails among all civilized nations, that obligations if valid by the laws of the country where made and to be fulfilled, will bé sustained in the country where they are sought to be enforced, even though usurious under the laws of such latter country, was affirmed in Gruillander v. Howell (35 N. Y. 662).
Though the New York statutes respecting usury can not be successfully invoked against these transactions in Rhode Island, the same doctrine does not apply to those statutes which regulate the filing and renewal of ■chattel mortgages made there upon personal property in this state.
It is the right of a state in which personal property is conveyed subject to a condition, without a change of possession, to prescribe such mode of recording, and of public notice, as it deems best to protect its own citi *346 zens. This is a duty under such contingencies, that it, owes to itself, partaking of the nature of an internal police regulation. Consequently, the party who takes-a conveyance of personal property of this nature without taking possession of it, is bound, in order to protect the interest he so acquires, to conform strictly to the local law.
The plaintiff holding this chattel mortgage, executed in Rhode Island upon chattels in New York, in order to protect his lien and interest thereunder, was fully amenable to every provision of the New York statutes respecting the filing, the renewal, and the statement to-be filed in order to renew it.
The law requires accuracy and good faith in the-statement which is to be filed, in order to protect the security. It is a public notice to all dealers with the mortgagor, and upon which they are entitled to rely in business transactions. When the plaintiff .elected to leave these mortgaged chattels in the possession of the mortgagor, he was required to file a true statement of his interest in the property mortgaged.
The statement filed by the plaintiff, November 12,. 1874, on the renewal of the mortgage, shows that the amount due on, and his interest in, the mortgaged property was thirty-three thousand four hundred and sixty-one dollars and forty-two cents. The plaintiff' testified on the trial that there was this amount due to-him at the time of the renewal, and that he had demanded it from the mortgagor. There was other testimony corroborating his statement. On his cross-examination he -produced an account showing the details of his statement. It was claimed that this account was obscure and loose, and that there were items that conflicted with his evidence. An examination of these details, presented inartificially and not very clearly, fails to negative the effect of the testimony as to the accuracy of the renewal statement. No testi *347 mony was introduced on the defendant’s part. There is nothing to show that the jury found incorrectly upon any question of fact, nor do the exceptions afford ground for setting aside their verdict.
There should be a judgment for plaintiff upon the verdict, with costs.
Sedgwick, J., concurred.